# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CR-0071-002-CVE |
| v. ) | |
| ) | USM Number: 11962-062 |
| GODLIVE JOHNATHAN TETTY-MENSAH, ) | |
| a/k/a "Cousin" a/k/a "J.B.," ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion for reduction of sentence (Dkt. # 258). Defendant requests that the Court grant credit toward his sentence for time spent in official detention in Kay County, Oklahoma, thereby reducing his sentence by accelerating the date of his release from imprisonment.

On March 20, 2012, defendant entered pleas of guilty and was sentenced in Kay County District Court Case CF-2011-0683, charging multiple counts related to fraud and the production of false credit cards, citing the same acts as alleged in the instant case. Defendant was sentenced to an aggregate term of four years imprisonment, all but eight months suspended, thereby crediting defendant for time served in the Kay County Detention Center pending adjudication. Two days later, on March 22, 2012, defendant was arrested on the instant indictment and ordered detained pending further proceedings. On February 14, 2013, defendant appeared for sentencing following his plea of guilty to counts one and eight of the indictment – conspiracy and aggravated identity theft, in violation of 18 U.S.C. §§ 371 and 1028A(a)(1), (c)(4). Defendant was sentenced to an aggregate term of 84 months in the custody of the Bureau of Prisons. Defendant requests that the

Court modify his sentence by granting jail time credit for the eight months he was detained in Kay County.

It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the Bureau of Prisons (BOP), which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280 (10th Cir. 2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994); see also United States v. Brown, 212 Fed. Appx. 747 (10th Cir. 2007) ("[a] sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing.").

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail time credit under 18 U.S.C. § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Crediting jail time against federal sentences long has operated in this manner. The BOP has developed detailed procedures and guidelines for determining the credit available to prisoners. Federal regulations afford prisoners administrative review of the computation of their credits. A defendant must raise the issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to 28 U.S.C. § 2241. Jenkins, 38 F.3d at 1144; see, e.g., Buchanan v. United States Bureau of Prisons, 133 Fed.

2

Appx. 465, 467, 2005 WL 1168443 (10th Cir.2005) ("Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241.").

This Court has no authority to compute or award sentencing credit at sentencing or later order application of jail credits toward a sentence.[1] Accordingly, defendant's request for reduction of sentence by awarding jail time credits is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence (Dkt. # 258) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 12th day of March, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Although this Court is without authority to award jail credits, review of the record reflects that defendant is not entitled to jail credits because the eight months served in the Kay County Detention Center were fully credited to the sentence imposed in Kay County Case CF-2011-0683. Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (noting that a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in § 3585(b) against double crediting;" court explained that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period").