IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-CR-0071-002-CVE |
| v. ) | |
| ) | USM Number: 11962-062 |
| GODLIVE JOHNATHAN TETTY-MENSAH, ) | |
| a/k/a "Cousin" a/k/a "J.B.," ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion seeking nunc pro tunc order (Dkt. # 269). Defendant requests that the Court order, nunc pro tunc, that his sentence be reduced eight months pursuant to United States Sentencing Guidelines §5G1.3 and §5K2.23.

On March 20, 2012, defendant entered pleas of guilty and was sentenced in Kay County District Court Case CF-2011-0683, charging multiple counts related to fraud and the production of false credit cards, citing some of the same acts as alleged in the instant case. Defendant was sentenced to an aggregate term of four years imprisonment, all but eight months suspended. The imprisonment portion of the sentence was fully credited and satisfied on the date of sentencing, meaning defendant was immediately discharged from custody. Two days later, on March 22, 2012, defendant was arrested on the instant indictment and ordered detained pending further proceedings. On February 14, 2013, defendant appeared for sentencing following his plea of guilty to counts one and eight of the indictment – conspiracy and aggravated identity theft, in violation of 18 U.S.C. §§ 371 and 1028A(a)(1), (c)(4). Defendant was sentenced to an aggregate term of 84 months in the custody of the Bureau of Prisons.

Defendant requests that the Court modify his sentence by reducing the term of imprisonment in count one by eight months to compensate for his imprisonment in Kay County case CF-2011-0683, which punished him for some of the same acts alleged in the instant case. Defendant correctly cites USSG §5G1.3(b), comment. (n.5) and §5K2.23 as provisions that permit a downward departure when, as in his case, a discharged sentence was relevant conduct to the instant offense (see PSR, ¶ 43).

Although §§5G1.3(b) and 5K2.23 did provide grounds for departure, the presentence report did not cite a basis for departure (PSR, ¶ 71), nor did defendant file a motion or orally argue for a downward departure at sentencing. Defendant did not directly appeal his sentence and any opportunity to collaterally attack his sentence has long since expired. Failure to identify departure factors or not pressing for a departure at sentencing is not a basis for reconsideration of sentence. The sentence is final. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b). See also Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence; United States v. Green, 405 F.3d 1180 (10th Cir. 2005) (district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence).

Defendant's request to modify the judgment by reducing the term of imprisonment must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion seeking nunc pro tunc order (Dkt. # 269) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 16th day of June, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE